NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN P. SANTOS, AKA Juan Pablo Santos, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-73466 <br><br> Agency No. A029-213-038 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2019
San Francisco, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Juan Pablo Santos, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for special rule

cancellation of removal under the Nicaraguan Adjustment and Central American

Relief Act, 8 C.F.R. § 1240.66(a), and cancellation of removal under the

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Immigration and Nationality Act, 8 U.S.C. § 1229b. We deny the petition for review because substantial evidence supports the agency's determination that Santos "assisted, or otherwise participated in" the persecution of others and is therefore ineligible for relief. 8 U.S.C. § 1231(b)(3)(B)(i).

Santos does not dispute, and we therefore assume, that the legal standard adopted by the BIA in *Matter of D-R-*, 27 I. & N. Dec. 105 (BIA 2017), applies. Under that standard, we determine whether an individual "assisted, or otherwise participated in" the persecution of others by considering: (1) the nexus between the individual's acts and the persecution; and (2) his scienter, "meaning his prior or contemporaneous knowledge" of the persecution. *Id.* at 119–20.

Santos testified that although he was not present for the interrogation, killing, or torture of any suspected guerrillas, he arrested individuals and sorted them based on their political affiliation—"common criminals" were turned over to civilian authorities, while "suspected guerrillas" were turned over to an interrogation unit, which reportedly tortured and killed them. Santos further testified that although he did not actually know what happened to the guerrillas, he heard gunshots coming from the interrogation unit's building on five or six occasions and suspected that members of the unit might be torturing or killing the guerrillas. When asked during an interview with the Department of Homeland Security whether he thought that guerrillas who did not cooperate "might be

tortured or killed," Santos responded: "Yes. That is the way it had to be."

Under the deferential substantial-evidence standard of review, the BIA's determination that the persecutor bar applies was not unreasonable. Santos' "role was material or integral" to the persecution, and he had "sufficient knowledge that the consequences of his actions may assist in acts" of persecution. *Id.* at 120–21. Both the nexus and scienter requirements of the persecutor bar were therefore satisfied.

**PETITION FOR REVIEW DENIED.**



*Santos v. Barr*, No. 17-73466

WATFORD, Circuit Judge, joined by W. FLETCHER, Circuit Judge, concurring:

Although we are compelled by the law to deny Juan Santos' petition for review, we urge the Department of Homeland Security, in the exercise of its prosecutorial discretion, to consider refraining from executing the order of removal in this case. Santos arrived in the United States in 1989 as a young man and immediately filed an application for asylum. He has been in removal proceedings for nearly 30 years. In the meantime, he has lived and worked productively in this country. He and his wife of 24 years have raised three U.S.-citizen children, all of whom at the time of the merits hearing were in school and financially dependent upon Santos. He engaged in conduct more than three decades ago that undoubtedly warrants condemnation. But because Santos' culpability for this conduct is low, removing him from this country, and thereby breaking up his family, appears to impose an unnecessarily harsh sanction.